IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 NOV 22  PH 4: 17

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-20070BV |
| | ) | 05-20077BV |
| VERONDA JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

---

**ORDER DENYING DEFENDANT JACKSON'S MOTION FOR BILL OF PARTICULARS**

---

Before the court is the October 28, 2005 motion of defendant Veronda Jackson for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.  This motion was referred to the United States Magistrate Judge for determination.  For the reasons below, Jackson's motion is denied.

Jackson is charged in a one-count indictment along with co-defendants Rita Williamson, Greg Long, and Carolyn Kirk-Wiggly with conspiracy to possess with intent to distribute and to distribute approximately 20 grams of crack cocaine from on or about November 30, 2004, until December 22, 2004, in violation of 21 U.S.C. § 846. Count One charges in pertinent part as follows:

> 7.  On or about December 22, 2004, the defendant, VERONDA JACKSON, who at that time was employed as a Shelby County Deputy Jailer, distributed approximately eleven (11) grams of what she thought to be cocaine base (crack), to an individual in the Shelby County Jail.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on **11-23-05**

90

(Indictment, *United States v. Jackson*, Crim. Case No. 05-20077 (W.D. Tenn. March 8, 2005).)

Jackson contends that the bill of particulars is needed to enable counsel to prepare for trial and to provide sufficient notice as to what conduct or action by Jackson allegedly violated the law. She argues that none of the discovery material provided by the United States pertains to her or evidences any wrong act on her part. She requests a bill of particulars which (1) identifies who else was involved with the crimes with which she is charged, including co-conspirators, informants, law enforcement officers, and undercover agents; (2) the nature of any uncharged overt acts; (3) the circumstances of her participation; (4) which inmate to whom she was supposed to have delivered drugs at the Shelby County Jail; (5) the exact location inside the jail where she allegedly delivered the drugs, including the cell, pod, floor, etc.; (6) the exact time and shift the alleged transaction took place; and (7) any other relevant information in the possession of the United States to which she is entitled.

Courts are authorized by Rule 7(f) to direct the filing of a bill of particulars. The purpose of a bill of particulars is "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to

enable him to plead [double jeopardy] when the indictment itself is too vague and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)(citations omitted); *accord United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

The paramount inquiry in any given case is whether adequate notice of the charge has been given to the defendant. *See* 1 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 129 (3d ed. 1989). A bill of particulars is not meant as "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). Nevertheless, courts have recognized that when particulars are found to be necessary, they will be required of the government even if the effect is disclosure of evidence or of the government's theories. *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979); *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954)(citations omitted). A defendant's need for the information, however, must be clear. "[It] should be established by a demonstration that the need is real: a bare statement that the need exists is not enough." *United States v. Dolan*, 113 F. Supp. 757, 760 (D. Conn. 1953). Finally, the decision to order a bill of particulars is within the sound discretion of the trial court. *Salisbury*, 983 F.2d at 1375

3

(citations omitted).

The one-count indictment in this case is straightforward and sufficiently detailed to provide adequate notice to Jackson of the crime with which she is charged. The indictment describes the overt act of Jackson, the date, and the location - that is delivering what she believed to be 11 grams of crack cocaine to an inmate at the Shelby County Jail on December 22, 2004 - with sufficient detail to enable her to adequately defend the charges. An order for a bill of particulars that provides the type of detailed information sought by Jackson would impermissibly demand evidentiary detail, unduly intrude upon the government's theories, and simply amount to discovery to which Jackson is not entitled. *United States v. Kelly*, 120 F.R.D. 103, 107-108 (E.D. Wis. 1988). The fact that the evidence provided in discovery is not incriminating is not a sufficient basis to support a request for a bill of particulars.

Therefore, Jackson's motion for a bill of particulars is denied.

It is so ordered this 22nd day of November, 2005.

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 90 in case 2:05-CR-20077 was distributed by fax, mail, or direct printing on November 23, 2005 to the parties listed.

Edwin A. Perry
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Timothy R. DiScenza
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Eric Scott Hall
WAGERMAN LAW FIRM
200 Jefferson Ave.
Ste. 1313
Memphis, TN 38103

Javier M. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

William C. Anderson
ANDERSON LAW FIRM
369 N. Main St.
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT